# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

MIGUEL ANGEL CRISTOBAL LOPEZ, ET. AL. )
)
        PLAINTIFFS, )
)
VS. ) No. 2:11-CV-113
) (ORAL ARGUMENT REQUESTED)
JIMMY CARROLL FISH D/B/A FISH FARMS, )
ET. AL. )
)
        DEFENDANTS. )

## DEFENDANTS' MOTION TO DISMISS

Defendants, Jimmy Carroll Fish d/b/a Fish Farms, Walter Jackson Fish d/b/a Fish Farms and Christine Fish Gilliam d/b/a Fish Farms (collectively "Fish Farms"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully move the Court to dismiss the Plaintiffs' complaint on the ground the Court lacks jurisdiction over the subject matter or, alternatively, for failure to state a claim upon which relief can be granted.

### Fed. R. Civ. P. 12(b)(1)– Subject Matter Jurisdiction

The Plaintiffs in this civil action basically allege that the Defendants, as the Plaintiffs' employer, breached special contracts of employment the Defendants had made with each of the Plaintiffs, as employees. The exclusive legal authorization for each of the contracts of employment alleged by the Plaintiffs were the "H-2A worker" provisions of the federal Immigration and Nationality Act, 8 U.S.C. §§1101, et. seq. ('the INA"). Congress did not intend to grant employment "rights" to foreign residents, like the Plaintiffs, when it enacted the "H-2A worker" provisions of the INA, at 8 U.S.C. §1188. Instead, Congress intended to protect the employment opportunities, and the employment conditions of "similarly employed" "workers in the United

States." 8 U.S.C. §1188(a)(1). Accordingly, the fifteen plaintiffs are not within the "zone of interest" of the statute they rely upon in their complaint. They each therefore lack standing, in its "prudential" sense, to bring this lawsuit in this federal court.

**Fed. R. Civ. P. 12(b)(6)– Failure to State A Claim**

The INA grants the United States Secretary of Labor plenary authority "to assure employer compliance with terms and conditions of employment under this [H-2A worker] section." 8 U.S.C. §1188(g)(2). The purpose, the limitations, and the circumstances of authorized "H-2A worker" employment all imply a Congressional intent to make the federal Department of Labor's authority over "H-2A worker" employment exclusive. Congress intended to preclude former H-2A workers from bringing their own private lawsuits against their former H-2A employers. Accordingly, the Plaintiffs' complaint fails to state a claim upon which relief can be granted.

In further support of this Motion, Defendants rely upon and incorporate herein their Memorandum of Law in Support of Defendants' Motion to Dismiss filed concurrently with this Motion.

    Respectfully submitted,

    ARNETT, DRAPER & HAGOOD

    By: s/Dan D. Rhea
        Dan D. Rhea, BPR #005927
        Jay W. Mader, BPR #016199
        Stacie D. Miller. BPR #024155
        **Attorneys for Defendants**
        **Jimmy Carroll Fish d/b/a Fish Farms,**
        **Walter Jackson Fish d/b/a Fish Farms,**
        **and Christine Fish Gilliam d/b/a Fish Farms**

ARNETT, DRAPER & HAGOOD
P. O. Box 300
Knoxville, Tennessee 37901-0300
(865) 546-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2011, a true and exact copy of this pleading or document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

ARNETT, DRAPER & HAGOOD

By: s/Dan D. Rhea