UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| MIGUEL ANGEL CRISTOBAL LOPEZ, ET AL, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | No.: 2:11-cv-113 GREER / INMAN |
| JIMMY CARROLL FISH d/b/a FISH FARMS, ET AL, | * * * | JURY DEMAND |
| Defendants. | * * | |

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants, in whole or in part, upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

The Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") preempt the Plaintiffs' state law claims to the extent that the Plaintiffs are pursuing state law claims that are duplicative of their FLSA claims and/or to the extent that the Plaintiffs' state law claims interfere with the Congressional purpose of the FLSA.

### THIRD DEFENSE

The United States Department of Labor has initiated enforcement proceedings under the H-2A statute against these Defendants, which proceedings were pending when this civil action was filed, and which remain pending at the time of filing of this Answer; and to the extent the

Plaintiffs seek relief before or prior to the final adjudication of the Department of Labor's proceedings, the Plaintiffs' complaint is pre-empted by the H-2A statute.

## FOURTH DEFENSE

To the extent that the Plaintiffs receive any recovery in an administrative proceeding that is duplicative of recovery sought in this lawsuit, then the recovery in this lawsuit is barred by the doctrines of accord and satisfaction, and payment.

## FIFTH DEFENSE

Neither Walter Fish nor Christine Fish Gilliam employed Plaintiffs and are not proper parties to this lawsuit.

## SIXTH DEFENSE

Defendants had legitimate non-discriminatory and non-retaliatory business reasons for all of actions involving Plaintiffs.

## SEVENTH DEFENSE

While denying that they are liable to Plaintiffs for any sum, or that they violated any statutes or common law, Plaintiffs' claims for relief are barred to the extent that they failed to mitigate their damages.

## EIGHTH DEFENSE

Defendants are entitled to a setoff against Plaintiffs' damage claims in the amounts which Plaintiffs have or could have earned through reasonable efforts.

## NINTH DEFENSE

Plaintiffs are barred from pursuing claims for punitive damages because Defendants engaged in no acts or omissions which were motivated by evil intent or evidenced a malicious, knowing, oppressive or fraudulent intent to deny Plaintiffs their protected rights, or were so

wanton or willful as to support an award of punitive damages. Furthermore, Plaintiffs under the Fair Labor Standards Act and the Tennessee Human Rights Act are not entitled to punitive damages.

## TENTH DEFENSE

Any action with respect to Plaintiffs was taken in good faith and based upon reasonable grounds for believing that the same was lawful.

## ELEVENTH DEFENSE

The Plaintiffs lack standing to sue these Defendants for alleged violations of their "rights" as "H-2A workers" or for any other claim or relief sought herein.

## TWELTH DEFENSE

The "H-2A" statute grants exclusive authority to the United States Secretary of Labor to enforce the employment terms and conditions of "H-2A workers," thereby barring the plaintiffs' present action.

## THIRTEENTH DEFENSE

1. Admit the allegations contained in paragraph 1 as to Jimmy Fish. Deny the allegations in this paragraph (and throughout the Complaint) as to Walter Fish and Christine Fish Gilliam alleged to be "doing business as" Fish Farms.

2. Admit the allegations contained in the first sentence of paragraph 2. All remaining allegations of paragraph 2 are denied.

3. Deny the allegations contained in paragraph 3.

4. With respect to the allegations contained in paragraph 4, those allegations are denied except and to the extent that they are consistent with the following averments:

a. On September 5, 2010, some of the Plaintiffs were seen attempting to fabricate evidence of improper pesticide spraying.

b. Jimmy Fish made the decision to terminate these workers, who had excessive absences, who deliberately restricted production, and who knowingly engaged in behavior that falsely portrayed Fish Farms as being out of compliance with local, state, and federal law.

c. Christine Fish Gilliam was not present at the housing area.

d. Jimmy Fish and Walter Fish admit there were heated exchanges, but do not recall exactly what was said.

e. Walter Fish may have briefly removed any cell phone from someone who put a cell phone in his face, but any cell phone was promptly returned to its owner.

f. The Plaintiffs were transported by bus to the office and terminated. Anyone who needed to use the restroom (or had any other necessary reason) was allowed off of the bus.

g. The Plaintiffs were transported to a bus station for a return trip to Mexico. Jimmy Fish paid for the bus tickets to Mexico and paid for overnight accommodations for the Plaintiffs because a bus was not available until the next day.

5. Admit the allegations contained in paragraph 5 to the extent that these are the claims being asserted, but these Defendants deny that they have violated any rights of the Plaintiffs.

6. Deny the allegations contained in paragraph 6.

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Admit the allegations contained in paragraph 10.

11. Admit the allegations contained in paragraph 11.

12. Admit the allegations contained in paragraph 12.

13. Admit the allegations contained in paragraph 13.

14. Admit the allegations contained in paragraph 14.

15. Admit the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16 except and to the extent that it is admitted that Walter Jackson Fish resides in Cocke County, Tennessee.

17. Deny the allegations contained in paragraph 17 except and to the extent that the following is admitted: (1) Christine Fish Gilliam resides in Cocke County, Tennessee, (2) she serves as Fish Farms' bookkeeper, and (3) she is the Certified Worker Protection Trainer for purposes of pesticide use.

18. Deny the allegations contained in paragraph 18.

19. Admit the allegations contained in paragraph 19.

20. Admit the allegations contained in paragraph 20.

21. Admit the allegations contained in paragraph 21.

22. Admit the allegations contained in paragraph 22.

23. Admit the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26 and each sub-paragraph thereof. With respect to sub-paragraph "b.", the housing provided did not violate federal law, and if any deficiencies arose, such were caused by the Plaintiffs of which Fish Farms was not made aware.

27. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. With respect to the allegations contained in paragraph 31, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence that SMLS attorneys visited Fish Farms for the purpose of interviewing these Plaintiffs. Admit the allegations contained in the remaining sentences of this paragraph.

32. With respect to the allegations contained in paragraph 32, are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence that investigators were investigating Plaintiffs' complaints. Admit the allegations contained in the second and third sentences with the exception that it is denied that Stephanie Price was a "manager." Deny the allegations contained in the fourth sentence.

33. With respect to the allegations contained in paragraph 33, those allegations are denied except and to the extent that they are consistent with the following averments:

a. Plaintiff Zeferino held a knife in a threatening manner.

b. Plaintiff Zeferino was arrested by law enforcement officers based upon an affidavit of complaint.

34. With respect to the allegations contained in paragraph 34, those allegations are denied except and to the extent that they are consistent with the following averments:

a. The charges against Plaintiff Zeferino were dropped based upon an agreement that he would return to Mexico.

b. The USDOL investigators also felt threatened by Plaintiff Zeferino's actions.

c. Plaintiff Zeferino was incarcerated in the Cocke County Jail for an unknown length of time.

35. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 except and to the extent that Plaintiff Lagunas did leave Fish Farms.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39 except and to the extent that those allegations are consistent with the following averments:

a. Jimmy and Walter Fish do not recall exactly what was said during a heated exchange with the Plaintiffs.

b. Walter Fish may have briefly removed any cell phone from anyone who put a cell phone in his face, but any cell phone was promptly returned to its owner.

40. With respect to the allegations contained in paragraph 40, those allegations are denied except and to the extent that they are consistent with the following averments:

a. Jimmy Fish made the termination decision and had the Plaintiffs transported by bus to the office.

b. The Plaintiffs were not photographed.

c. Jimmy and Walter Fish do not recall exactly what was said, but there were heated conversations.

41. With respect to the allegations contained in paragraph 41, those allegations are denied except and to the extent that they are consistent with the following averments:

a. Jimmy Fish had the Plaintiffs transported by bus to the office.

b. At various times, Jimmy Fish, Walter Fish, Stephanie Price, and Christine Fish Gilliam were present in the office.

c. Plaintiffs were paid all monies owed to them.

d. Plaintiffs were allowed to exit the bus to use the restroom or for any other necessary reason.

42. With respect to the allegations contained in paragraph 42, those allegations are denied except and to the extent that they are consistent with the following averments:

a. A USDOL investigator arrived on the premises and was asked by Jimmy Fish to wait until Fish Farms' attorney arrived. The attorney arrived shortly thereafter, and these Defendants do not know what was discussed between them.

b. The Plaintiffs were transported by bus to Morristown because the bus schedule indicated that a bus was departing that afternoon. For some unknown reason, no bus was available until the next day and the Plaintiffs were put up in a motel at the expense of Jimmy Fish.

43. Admit the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Defendants restate their answers to paragraphs 1 through 44.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Defendants restate their answers to paragraphs 1 through 49.

51. Admit the allegations contained in the first two sentences of paragraph 51. All other allegations are denied.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Defendants restate their answers to paragraphs 1 through 53.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Defendants restate their answers to paragraphs 1 through 56.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61.

62. Defendants restate their answers to paragraphs 1 through 61.

63. Admit the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65, and each sub-paragraph thereof.

66. Deny the allegations contained in paragraph 66.

67. Deny the allegations contained in paragraph 67.

68. All allegations not hereinbefore specifically admitted or denied, are denied.

WHEREFORE having fully answered the Complaint the Defendants move that it be dismissed at the Plaintiffs' cost and they demand a jury as to all issues that are triable before a jury.

*s/Thomas L. Kilday*
THOMAS L. KILDAY, BPR #004732
THOMAS J. GARLAND, JR., BPR #011495
MILLIGAN & COLEMAN
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
tkilday@milligancoleman.com
tgarland@milligancoleman.com


*s/Dan D. Rhea*
DAN D. RHEA, BPR # 005927
ARNETT, DRAPER & HAGOOD
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000
drhea@adhknox.com


*s/Jay W. Mader*
JAY W. MADER, BPR # 016199
ARNETT, DRAPER & HAGOOD
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000
jmader@adhknox.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2012 a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/*Thomas L. Kilday*
THOMAS L. KILDAY, BPR #004732
MILLIGAN & COLEMAN
P. O. Box 1060
Greeneville, TN  37744-1060
(423) 639-6811
tkilday@milligancoleman.com